Milton Minus, Petitioner *v.* Workmen's Compensation Appeal Board (Tastykake Baking Co.), Respondents.

Argued June 7, 1985, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James E. Rafferty,* for petitioner.

*Howard M. Ellner,* for respondent, Tastykake Baking Company.

OPINION BY JUDGE DOYLE, August 21, 1985:

This is an appeal by Milton Minus (Claimant) from a decision and order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision and dismissing Claimant's petition for lack of jurisdiction. We affirm.

The referee found that Claimant had sustained a work-related injury on March 26, 1982 while in the employ of Tastykake Baking Co. (Employer) and was paid compensation for said injury under the workmen's compensation laws of the state of New Jersey. The referee further found that Claimant is domiciled in New Jersey, that the injury occurred in New Jersey, that Claimant is a sales representative whose sales territory is in New Jersey, and that Claimant at no time had to travel outside New Jersey for his work, instead picking up Employer's goods at the New Jersey distribution point which site is maintained and supervised by Employer. The referee also determined that Employer maintains an office in Philadelphia, that Claimant was hired in Philadelphia approximately fifteen years ago (at which point his duties were different in that he then worked directly out of the Philadelphia office), that all correspondence between Claimant and Employer goes through the Philadelphia office through the regional manager, that Claimant's paycheck originates from the Philadelphia office, and that Claimant's prospective customers are directed to Claimant from the Philadelphia office. Based upon determinations that Employer's principal "base of operation" is in Pennsylvania, and that Claimant's paycheck and supervisory directions emanated from Pennsylvania, the referee decided that Pennsylvania had jurisdiction over Claimant's claim. The Board reversed, premising its decision upon the referee's finding that Claimant regularly worked from the New

Jersey location, and thus reasoning that Claimant's employment was "principally located" there.

The issue on appeal to this Court is whether Claimant's employment was principally localized in Pennsylvania or New Jersey pursuant to Section 305.2(a) of The Pennsylvania Workmen's Compensation Act,[1] 77 P.S. §411.2. Section 305.2(a) provides:

If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:

(1) His employment is principally localized in this State. . . .

Section 305.2(d)(4) defines principally localized as follows:

A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 9 of the Act of December 5, 1974, P. L.782.

The question here is whether Claimant falls within the provisions of clause (i). To be within the provisions of this clause, Claimant must show that he *regularly* works *at* or *from* the Pennsylvania location. There was competent testimony by Claimant that he does not physically work at the Philadelphia location, nor is he required to go there to perform his job. But, Claimant is apparently arguing that because he conducts business by telephone with Employer with respect to orders, prospective customers, and supervisory instructions, he regularly works from Philadelphia. We cannot agree. Webster's Third New International Dictionary 913 (1967) defines "from" as a function word indicating a starting point or source. While Claimant's *paperwork* may be regularly handled from Philadelphia under this definition, it is clear that Claimant's actual daily duties do not require him to work from the Philadelphia office and hence *his employment* cannot be said to be principally localized there.

The Board in its adjudication distinguished the present case from *Loomer v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 591, 388 A.2d 788 (1978). In *Loomer,* which was also based on Section 305.2(d)(4)(i) of the Act, the widow of a Pennsylvania resident, who had been employed as a salesman by a New York company, sought benefits under the Pennsylvania Act. Although the employer did business in Pennsylvania, it had no business office there. In addition, Loomer attended weekly meetings in New York, where he had a desk which he used while at that site. Furthermore, Loomer's sales territory included portions of New York state and he regularly worked at the New York office. Thus, Loomer's employment involved direct and ongoing contact with New York on a routine basis, while the em-

ployer's involvement with Pennsylvania was minimal. Accordingly, we held that Loomer's employment was not principally localized in Pennsylvania and, hence, that Loomer did not fall within the provisions of Section 305.2(d)(4)(i) of the Pennsylvania Act.

In the instant case, as noted above, Claimant was never required to travel to Pennsylvania for business reasons, and he had no desk in Pennsylvania. Additionally, Employer, while it may not have had an elaborate office in New Jersey, did maintain and supervise a building there which was used by Claimant as a distribution point. We again stress that for a claimant to fall within the provisions of Section 305.2(d)(4)(i), not only must an employer have a place of business in this state, but also, the *employee* seeking benefits must have regularly worked *at* or *from* that place of business. In this case it is clear that while the first of these two requirements has been met, the second has not.

Claimant contends that the fact that he communicated with Employer by telephone, instead of in person, as in *Loomer,* should not be a basis for distinction. We disagree. Section 305.2(a)(1) clearly requires that a *claimant's* employment be *principally* localized in this state. Thus, it is evident that the legislature intended that an employee have something more than a minimal nexus with Pennsylvania under this subsection. Were we to hold that telephone calls made by salespersons living in distant states to a Pennsylvania office were sufficient to establish that nexus under Section 305.2(a)(1) (merely because an employer had an office in Pennsylvania which issued paychecks and maintained accounts and files even though that office was never visited by a claimant), we would be construing the Act to encompass individuals whose connections with this state are extremely

attenuated. Indeed, we note that Section 305.2(a)(1) does not even require the formation of the employment contract in Pennsylvania. *Compare* Subsections 2, 3, and 4 of Section 305.2(a) which require that the contract of employment be "made" in Pennsylvania. Because we do not believe that the facts as found indicate that Claimant's employment was principally localized in Pennsylvania, we affirm the decision of the Board.

ORDER

Now, August 21, 1985, the decision of the Workmen's Compensation Appeal Board, No. A-85611 dated September 8, 1983 is affirmed.