616 A.2d 197

**GEORGE LIKO COMPANY and the Aetna Casualty Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (STRIPAY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 28, 1992.

Decided Oct. 15, 1992.

Stewart A. Karn, for petitioners.

No appearance for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

George Liko Company (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee granting compensation to John C. Stripay (claimant) under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031. We reverse.

The claimant was hired by both the employer and Johnston Plumbing & Heating (Johnston) at the Pennsylvania home of George Liko, but was to perform his duties for the employer in Ohio. On November 17, 1988, he suffered a lower back injury while working in Ohio. He subsequently filed claim petitions against both the employer and Johnston.

In his decision dated November 2, 1990, the referee found that the claimant was totally disabled from December 14, 1988 through May 29, 1989, and that he suffered his injury while in the course of his employment with the employer. Based on these findings of fact the referee concluded that the claimant had sustained his burden of proving a work-related injury and a closed period of disability, but had failed to show that the injury occurred in the course of employment with Johnston. The referee further concluded that the claimant was eligible for benefits under the extraterritorial provisions of the Act. The employer appealed and the Board affirmed the referee's decision. The employer appeals here from the Board's order.

The dispositive issue raised on appeal is whether the Board erred in concluding that the claim was compensable under the extraterritorial provisions of Section 305.2 of the Act.[1] Section 305.2(a)(3) of the Act provides that

[i]f an employe, while working outside the territorial limits of this State, suffers an injury on account of which he ... would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe

---

1. Because of our disposition of this issue we do not reach the second issue raised by the employer.

... shall be entitled to the benefits provided by this act, provided that at the time of such injury:

. . . . .

(3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer. . . .

77 P.S. § 411.2(a)(3).

Upon the facts that the contract for hire was made in Pennsylvania by a Pennsylvania employer for performance in Ohio, both the referee and the Board concluded that the jurisdictional requirements of Section 305.2(a)(3) had been satisfied. Significantly, they ignored the final limiting clause which allow benefits only if employment was localized in a state "whose workmen's compensation is not applicable to his employer." On this issue the claimant, who bears the burden of proof, offered no evidence. *See Oliveri v. Workmen's Compensation Appeal Bd. (I.T.T. Grinnell)*, 542 A.2d 658 (1988). Having failed to show that he would be denied the protections of the Ohio workmen's compensation law, the claimant cannot invoke the extraterritorial provision of the Pennsylvania Act.

Accordingly, the order of the Board is reversed.

ORDER

AND NOW, this the 15th day of October, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.