636 A.2d 1263

**Lynell M. ROOT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (U.S. PLYWOOD CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 19, 1993.

Decided Jan. 10, 1994.

Anne E. Fialkowski, for petitioner.

Jeffrey D. Newby, for respondent.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Lynell M. Root (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) dismissing her claim petition for Pennsylvania workmen's compensation benefits.[1]

Claimant was a resident of New Jersey and employed by U.S. Plywood Corporation (Employer) as its South New Jersey field sales representative. On January 9, 1986, after attending a sales meeting at Employer's Philadelphia office, Claimant was injured in an automobile accident on a New Jersey roadway. Claimant filed a claim petition with the Pennsylvania Bureau of Worker's Compensation alleging her

---

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

injuries occurred while in the course of her employment. Employer opposed the claim petition contending Claimant was not acting in the course of her employment at the time of her injury, and that pursuant to Section 305.2 of the Act,[2] Pennsylvania lacked jurisdiction over her claim.

At the hearing before the Worker's Compensation Judge (WCJ),[3] Claimant testified that on her way home from the sales meeting she was struck by another car while she was attempting to remove two dead animals from a New Jersey roadway. Both parties stipulated that as a result of the accident, Claimant was rendered a tetraplegic[4] and was disabled from performing the duties of a field representative.

As to her work history, from October of 1983 through October of 1985, Claimant worked in Employer's Philadelphia, Pennsylvania office as a sales service representative. In

2. Section 305.2, 77 P.S. § 411.2, provides:

   (a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, . . ., would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, . . ., shall be entitled to the benefits provided by this act, provided that at the time of such injury:
   > (1) His employment is principally localized in this State, or
   > (2) He is working under a contract of hire made in this State in employment not principally localized in any state, or
   > (3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, . . .

   \*   \*   \*   \*   \*   \*

   (d) As used in this section:

   \*   \*   \*   \*   \*   \*

   (4) A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

3. The 1993 amendments to the Act changed the Referee's title to Worker's Compensation Judge.

4. Claimant was paralyzed in both legs, lost the use of her right arm, and lost bladder and bowel control. Because of the severity of her injuries, Claimant moved from New Jersey back to her parents' home in Ohio.

October of 1985, she was promoted to the position of field sales representative servicing the South New Jersey territory with no customers in Pennsylvania. As part of her promotion, Claimant was provided with unlimited use of a company car for $40.00/month, which was registered and insured in Pennsylvania.

Claimant was directed and supervised out of Employer's Philadelphia office. She was required to report to the Philadelphia office by telephone at least twice a day to check for customer messages. However, all her customer files were maintained in her New Jersey home, and after returning home from her customer calls, she completed her expense reports, attended to office correspondence and prepared for the next day's customer calls. Claimant was required to be in the Philadelphia office only to attend monthly sales meetings, and occasionally to meet one-on-one with her supervisor and make telephone calls during "saleathons." Whenever she needed promotional sales supplies and samples, Claimant obtained them personally from Employer's Philadelphia warehouse, but was not required to do so.

After a hearing, the WCJ found that although Claimant's contract for hire and promotion were made in Pennsylvania, her work activities were principally localized in New Jersey. Because she failed to prove that she was not covered by the New Jersey Worker's Compensation Law as required by Section 305.2(a)(3) of the Act, 77 P.S. § 411.2(a)(3),[5] or that her employment was localized in Pennsylvania, the WCJ concluded that Claimant failed to establish Pennsylvania jurisdiction. Claimant appealed to the Board which affirmed the WCJ's decision. This appeal followed.[6]

■ Claimant contends that there was not substantial evidence to support the WCJ's finding that her employment was

5. The record contains no evidence that Claimant applied for and was denied New Jersey benefits.

6. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

principally localized in New Jersey. She contends that her contacts with the Philadelphia office were sufficient to establish jurisdiction under Pennsylvania Workmen's Compensation Law.

To invoke Pennsylvania jurisdiction for an out-of-state injury, a claimant must fall within the extraterritoriality provisions of Section 305.2 of the Act. In relevant part, that section provides that a claimant injured while working outside of Pennsylvania can be covered by the Act if his or her employment was principally localized in Pennsylvania. Section 305.2(d)(4) of the Act, 77 P.S. § 411.2(d)(4), provides:

(4) A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or other such state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

Accordingly, for Claimant's employment to be principally localized in Pennsylvania, she must show that pursuant to Subsection (i), she regularly worked *at* or *from* the Employer's Philadelphia office.

Because she contends her contacts with Pennsylvania were similar to those the claimant in *Loomer v. Workmen's Compensation Appeal Board*, 36 Pa.Commonwealth Ct. 591, 388 A.2d 788 (1978), had to New York which we found had jurisdiction, Claimant contends that her employment was principally localized in Pennsylvania. In *Loomer*, the claimant lived in Pennsylvania but was responsible for a Pennsylvania–New York territory with the majority of his customers located in Pennsylvania. We held Loomer's employment was principally localized in New York because his contract for hire originated in New York, the employer's place of business was located in New York, it had no place of business in Pennsylvania, and it provided him with a desk and required he attend weekly meetings in the New York office. In addition, all

customer files and product catalogs were maintained in the New York office.

However, the facts in this case are much different than those in *Loomer*. Even though, like Loomer, Claimant's contract for hire originated in Pennsylvania, unlike Loomer, her work location was almost totally in New Jersey. Claimant lived in New Jersey and maintained her customer files in her home, had no desk from which to work in the Philadelphia office, had no customers in Pennsylvania, and was required to be in the Philadelphia office at most once a month.

In *Minus v. Workmen's Compensation Appeal Board (Tastykake Baking Co.)*, 91 Pa.Commonwealth Ct. 281, 496 A.2d 1340 (1985), a case more closely resembling this one, we considered the *Loomer* criteria but stressed that in order to establish employment is principally localized in Pennsylvania, "not only must an employer have a place of business in this state, but also, the *employee* seeking benefits must have regularly worked *at* or *from* that place of business." *Id.* at 286, 496 A.2d at 1342 (emphasis in original). While the employer in *Minus* was located in Philadelphia, the claimant was responsible for a New Jersey sales territory and not required to travel outside thereof. Furthermore, samples were available to the claimant from a New Jersey warehouse, and he maintained only telephone and mail contact with the Philadelphia office. We held that these contacts were insufficient to invoke Pennsylvania jurisdiction.

Likewise, in *Holland v. Workmen's Compensation Appeal Board*, 137 Pa.Commonwealth Ct. 22, 586 A.2d 988 (1990), we held that the claimant's intermittent deliveries in Pennsylvania were insufficient to establish Pennsylvania jurisdiction. In *Holland*, the claimant's travel logs indicated he made deliveries in only Pennsylvania 26% of the days he worked, and in Pennsylvania as well as other states an additional 20% of the days he worked. However, regardless of his destination, his work day always originated from his employer's New Jersey location. *Id.* at 26–27, 586 A.2d at 991. Thus, we held the claimant's employment was principally localized in New Jersey.

■ In this case, Claimant's sales territory was limited exclusively to southern New Jersey, and she started and ended every work day in her home/office in New Jersey. She was required to attend only monthly sales meetings and other sporadic functions at Employer's Philadelphia office. However, because Claimant was not expected to "regularly" be present in the Philadelphia office, she was provided no workspace. The WCJ correctly found these periodic contacts were not enough to establish that Claimant "regularly worked at or from" Employer's Philadelphia office. In order to establish such, a claimant must prove that he or she works from the Pennsylvania location as a rule, not as the exception.

Accordingly, because Claimant's employment was principally localized in New Jersey and she has failed to establish that New Jersey worker's compensation benefits are not available, the order of the Board dismissing Claimant's petition for lack of jurisdiction is affirmed.

### ORDER

AND NOW, this 10th day of January, 1994, the order of the Workmen's Compensation Appeal Board dated May 11, 1993, A90–1256, is affirmed.