**Michael S. GOLDBERG, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STAR ENTERPRISES),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 21, 1997.

Decided June 16, 1997.

---

Gary Brownstein, Philadelphia, for petitioner.

Carol Lynn Wallinger, Philadelphia, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Michael S. Goldberg (Claimant) has requested this Court to review an order of the Workers' Compensation Appeal Board (Board) that reversed an order of a Workers' Compensation Judge (WCJ) granting Claimant's claim petition. Claimant questions whether the Board erred by concluding that Claimant could not invoke jurisdiction in Pennsylvania as the place where his employment was "principally localized" because Star Enterprises (Employer) did not maintain its "primary" place of business in Pennsylvania; erred by reversing the WCJ based upon *Loomer v. Workmen's Compensation Appeal Board*, 36 Pa.Cmwlth. 591, 388 A.2d 788 (1978); and erred by concluding that substantial, competent evidence did not exist to support the WCJ's finding that Claimant's employment was principally localized in Pennsylvania.

## I

Employer, a subsidiary of Texaco, operates gas and convenience stores in New Jersey, Pennsylvania and other states. Claimant's contract for hire was made by Employer at its main office in Moorestown, New Jersey. Claimant was hired to work in a managerial position as deli coordinator. His duties included setting up and supervising a new program to expand full service and satellite food service locations owned by Employer to include the production and/or sale of freshly made sandwiches. Employer assigned Claimant to ten stores in Pennsylvania, two in New England and two in New Jersey. He was assigned an additional eight satellite stores in Pennsylvania. At the time of his employment, Claimant resided in Conshohockan, Pennsylvania; in January 1991, he relocated to New Jersey but he returned to Pennsylvania in August.

Claimant testified that he spent 75 percent of his time setting up and visiting stores in Pennsylvania. While on the road, Claimant used office space located in Pennsylvania, and he performed most of his paperwork on the road or at home. Claimant set his own schedule; he was not required to punch a time clock or to report his whereabouts to his supervisor on a daily basis; and he resided in Pennsylvania during his employment, except for the short period of time he relocated to New Jersey. He was directed to report to the main office one day per week, but he was not assigned an office there for over two years. Claimant met vendors and supervisory personnel and received his mail, telephone calls and annual reviews at the main office.

On March 30, 1992, Claimant suffered a work-related injury to his low back while lifting a box of frozen food from the floor at Employer's store in Maple Shade, New Jersey. Claimant received New Jersey compensation benefits from June 24, 1992, the date his disability began, through June 26, 1994. On October 22, 1992, Claimant filed a Pennsylvania claim petition. Employer opposed Claimant's petition, contending that Pennsylvania lacked jurisdiction over his claim.

The WCJ adopted Claimant's testimony as credible and persuasive and rejected Employer's testimony to the extent that it conflicted with Claimant's testimony. The WCJ found that Employer's stores in Pennsylvania constituted "places of business within the meaning of the Workers' Compensation Act" and that Claimant regularly worked at or from these places of business. The WCJ concluded that Claimant met his burden to establish that his employment was principally localized in Pennsylvania pursuant to Section 305.2(a)(1) and (d)(4)(i) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* Section 305.2 added by Section 9 of the Act of December 5, 1974, P.L. 782, 77 P.S. § 411.2(a)(1) and § 411.2(d)(4)(i), and granted compensation benefits of $441.67 per week from June 1992 through the present and into the indefinite future. He awarded a credit to Employer for the benefits paid to Claimant under New Jersey law.[1]

■ The Board reversed, relying on this Court's decision in *Loomer* to conclude that Claimant's employment was not principally localized in Pennsylvania. The Board disagreed that the Pennsylvania stores constituted places of business for purposes of the Act, and it held that, "[a]lthough it is true that employer did business within Pennsylvania via these stores, the fact remains that employer's *primary* place of business was the office in New Jersey, and not the individual stores which are serviced by that office." Board Decision, p. 5 (emphasis added).[2]

## II

■ Section 305.2(a)(1) of the Act provides in relevant part that a claimant injured while working outside of Pennsylvania may be covered by the Act if his or her employment was principally localized in Pennsylvania. Sec-

tion 305.2(d)(4) defines "principally localized" as follows:

(4) A person's employment is principally localized in this or another state when (i) his employer has a *place of business* in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state. (Emphasis added.)

Claimant argues that the Board's ruling in essence amounts to judicial legislating where the Board adds a requirement to the statute that is not supported by its plain language. The Board required Claimant to establish that Employer conducted its primary place of business in Pennsylvania to invoke extraterritorial jurisdiction; it placed a burden upon Claimant that is not imposed by statute. Employer maintains that Claimant is unable to identify a single Pennsylvania location where he "regularly worked at or from" and that the majority of Claimant's work activity flowed from the New Jersey main office.

In *Robbins v. Workmen's Compensation Appeal Board (Mason–Dixon Line, Inc.),* 91 Pa.Cmwlth.269, 496 A.2d 1349 (1985), this Court held that a claimant, hired by a Tennessee corporation, who suffered a work-related injury in South Carolina was entitled to Pennsylvania workers' compensation benefits. The employer used truck terminals in Pennsylvania and employed agents who dispatched trucks and drivers from those terminals. These agents provided drivers with road expenses and cash advances, and the drivers were required to stay in close communication with the dispatching agents. The Court reasoned that because the Pennsylva-

---

1. Section 305.2(b) of the Act, 77 P.S. § 411.2(b), provides that the payment of benefits under the workers' compensation law of another state does not bar a claim for Pennsylvania benefits if the claim is filed within three years from the date of the most recent payment prior to filing the Pennsylvania claim.

2. This Court's scope of review of the Board's decision is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether there was a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988).

nia terminals were places of business within the meaning of Section 305.2(d)(4)(i) and the Tennessee employer had a sufficient presence in Pennsylvania, the claimant's employment was principally localized in Pennsylvania and jurisdiction might be invoked in this state.

The Board relied upon *Loomer*, where the claimant, a Pennsylvania resident, was employed by a New York corporation as a sales representative. The claimant spent 75 percent of his time conducting sales calls in Pennsylvania. The Court held that his employment was principally localized in New York because his contract for hire was made there, the employer's office was located there, the employer had no place of business in Pennsylvania, the claimant was required to attend weekly meetings in the New York office, the claimant's desk was in New York, he took all orders from the New York office, and customer files and product catalogs were maintained there. The Court stated that the New York office was the "fountain from which his sales activity flowed," *Loomer*, 388 A.2d at 791, and thus concluded that the claimant's employment was principally localized in New York.

The facts here are distinguishable from those in *Loomer*. Although Claimant's contract for hire originated in New Jersey, where his Employer operated its main office, it was not "the fountain from which [Claimant's work] activity flowed." As noted above, Employer operated ten stores in Pennsylvania, while the employer in *Loomer* operated no places of business in Pennsylvania. Claimant regularly worked at or from Employer's places of business in Pennsylvania, while the sales activities of the employee in *Loomer* emanated from the New York office. Further, as manager of Employer's deli program, Claimant enjoyed greater indepen-

dence than the claimant in *Loomer*, who constantly relied upon the New York office for orders and guidance. Claimant supervised employees and programs in the Pennsylvania stores and made managerial decisions as to their operations, while the employee in *Loomer* merely made sales calls from Pennsylvania with customer files and product information maintained in the New York office. Because of these and other significant distinctions, *Loomer* is inapposite to this case.

More recently, in *Root v. Workmen's Compensation Appeal Board (U.S. Plywood Corp.)*, 161 Pa.Cmwlth.291, 636 A.2d 1263, *appeal denied*, 538 Pa. 678, 649 A.2d 678 (1994), the Court expounded upon the definition of "principally localized." The claimant in *Root*, a New Jersey resident, was hired by U.S. Plywood Corporation as a sales service representative and worked in the employer's Philadelphia office from October 1983 through October 1985. Thereafter, she was promoted to the position of field sales representative to service the New Jersey territory and no longer serviced customers in Philadelphia. The claimant was injured in New Jersey on January 9, 1986 and filed a claim petition in Pennsylvania. The Court held that the claimant lacked sufficient employment-related contacts with Pennsylvania, where she only attended monthly sales meetings and occasionally met her supervisor and made telephone calls in the Philadelphia office. In order to establish that she regularly worked at or from the Philadelphia office, the claimant had the burden to prove that she worked from the Pennsylvania location as a rule and not as the exception. *Root*, 636 A.2d at 1266.[3] She failed to meet that burden.

Notwithstanding Employer's argument to the contrary, the record here demonstrates that Claimant worked at Employer's Penn-

---

**3.** According to Employer, *Root* does not apply to the case sub judice because Claimant invokes Pennsylvania jurisdiction under Section 305.2(a)(1) of the Act. Nothing in the Court's holding in *Root* limits its application only to those claimants who invoke extra-territorial jurisdiction under Sections 305.2(a)(2), 305.2(a)(3) or 305.2(a)(4). Those sections allow benefits under Pennsylvania law provided that the claimant worked under a contract of hire made in Pennsylvania in employment not principally localized

in any state; the claimant is working under a contract of hire made in Pennsylvania in employment principally localized in another state whose workers' compensation law is inapplicable to the claimant's employer; or the claimant is working under a contract of hire made in Pennsylvania for employment outside of the United States and Canada. At issue in *Root* was the interpretation of the "principally localized" language, which applies to all of the stated sections except 305.2(a)(4).

sylvania stores as a rule and not as the exception. Claimant's coordinator activities were not sporadic or intermittent; he performed his functions on an on-going and continuous basis. Moreover, it is significant that Employer does not challenge the WCJ's finding that Claimant spent 75 percent of his time doing so. *Compare Holland v. Workmen's Compensation Appeal Board (Pep Boys)*, 137 Pa.Cmwlth.22, 586 A.2d 988 (1990) (because claimant's deliveries in Pennsylvania were sporadic or intermittent and he originated each work day from employer's New Jersey location, claimant could not invoke Pennsylvania jurisdiction).

Therefore, under *Robbins, Loomer* and *Root*, the Court concludes that Claimant's employment was principally localized in Pennsylvania because Employer transacted business in Pennsylvania and maintained places of business in Pennsylvania and Claimant regularly worked at or from such places of business. The plain language of Section 305.2(d)(4)(i) does not require that an employer's "place of business" be its "primary place of business" to establish that a claimant's employment is principally localized in a particular state. In effect, the Board erred when it reversed the WCJ and added an additional element to the statutory provision governing extra-territorial jurisdiction. Where the terms of a statute are clear, the letter of the law is not to be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b); *Armco, Inc. v. Workmen's Compensation Appeal Board (Mattern)*, 542 Pa. 364, 667 A.2d 710 (1995). Because Claimant is entitled to receive benefits under Pennsylvania law if he proves his claim, the order of the Board is reversed.

### ORDER

AND NOW, this 16th day of June, 1997, the order of the Workers' Compensation Appeal Board is reversed.