**ROBERTSHAW CONTROLS COMPANY and The Travelers Insurance Company, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (RAFFENSPERGER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 1997.

Decided April 1, 1998.

---

F. David Dermotta, Pittsburgh, for Petitioners.

Michael A. Johnson, Mt. Pleasant, for Respondent.

Before COLINS, President Judge, and SMITH and FRIEDMAN, JJ.

SMITH, Judge.

Employer, Robertshaw Controls Company, petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming in pertinent part the decision of the Workers' Compensation Judge (WCJ). The WCJ's decision provided for, *inter alia*, a grant of benefits to Dennis Raffensperger (Claimant) for a closed period commencing November 5, 1991 and ending June 15, 1993, with exceptions for those dates during which Claimant returned to work without a loss in earnings; a suspension of benefits effective June 16, 1993 and ending August 20, 1993; and a reinstatement of benefits effective August 21, 1993 and continuing indefinitely until Employer can properly demonstrate that Claimant's disability has ceased or changed in character. On appeal by both parties, the Board affirmed the WCJ's decision. On further appeal to this Court, Employer asserts that the grant of benefits resulting from the finding of a work-related injury and the subsequent reinstatement of those benefits are unsupported by substantial, competent evidence and are contrary to the law.

Claimant began working for Employer 1969 as an electronic technician, and his most recent position was that of manufacturing engineer. On the morning of November 5, 1991, Claimant was working at an assembly line when the line jammed; he extended his torso across the assembly line in order to fix the problem and immediately experienced pain in his lower back that radiated down his left leg. Claimant, however, remained at work until the afternoon, when he left to consult his chiropractor, Dr. Anthony Bompiani. The following day Claimant reported his injury to Employer and indicated that he was under medical instructions not to return to work. On November 18, 1991, Claimant returned to work with permission; he worked only half days and received full pay until April 24, 1992. In the interim, Claimant continued to see Dr. Bompiani, received physical therapy, consulted with other doctors and submitted to at least one MRI. Claimant was diagnosed as having a herniated disc and was recommended for surgery.

Doctor Adib Barsoum, a board-certified neurosurgeon, performed the surgery on April 27, 1992. Dr. Barsoum removed a portion of Claimant's herniated disc and thereafter kept him under his treatment for recovery. During this time Claimant was treated with a variety of medications in addition to physical therapy, but he showed no improvement. A second surgery was recommended; it was performed on October 27, 1992, at which time Dr. Barsoum fused a portion of Claimant's lumbar spine. Claimant was again released to recovery where he continued with a program of medications and physical therapy. The WCJ found that Claimant returned to light-duty work on June 16, 1993 under the restriction that he not work overtime. Approximately one month later Dr. Barsoum further restricted Claimant to a four-day workweek because of his condition and the doctor's opinion that Claimant would continue to suffer intermittent pain and residual symptoms when he remained on his feet for excessive periods of time or when he engaged in bending and lifting. Employer laid off Claimant on August 20, 1993. The record indicates that Employer made no light-duty work available to Claimant and that he has not worked since his layoff.

Claimant filed his claim petition on November 23, 1992, alleging that he sustained a work-related, lower back injury. Over the

course of several hearings, Claimant testified to the facts recited above and also revealed that he suffered from back problems as early as 1989. He indicated that treatment from Dr. Bompiani resolved those problems and that he never missed work or received compensation as a result. Claimant also offered the deposition testimony of Dr. Bompiani. In addition to confirming Claimant's testimony, Dr. Bompiani testified that he treated Claimant for lower back pain at least twice in September 1991; he did not treat Claimant after his back surgery. Dr. Bompiani testified that Claimant had a pre-existing lower back problem, which was aggravated by the work-related injury of November 5, 1991, and that Claimant's current condition is due to that work-related injury. Claimant also offered the deposition testimony of Dr. Barsoum, who confirmed Claimant's testimony and opined that Claimant's condition was caused by his work-related injury. The WCJ found the testimony of all of these witnesses to be competent, credible, sufficient and persuasive.

In opposition thereto, Employer offered the testimony of Dr. Bruce L. Wilder, a board-certified neurologist. Dr. Wilder examined Claimant once, prior to his surgery, and reviewed his medical records. Dr. Wilder opined that Claimant was suffering from a ruptured disc with nerve compression. He did not, however, believe Claimant's condition was work-related, citing his history of lower back problems. The WCJ expressly rejected the testimony of Dr. Wilder as lacking in competency, credibility, sufficiency and persuasiveness, and he also stated that Dr. Wilder was not as familiar with Claimant as were his treating chiropractor and surgeon. The WCJ decided, among other things, that Claimant suffered a work-related injury on November 5, 1991 and was therefore entitled to benefits for the closed period of November 5, 1991 through June 15, 1993, with the ex-

ceptions noted; that Employer was entitled to a suspension of benefits effective June 16, 1993 through August 20, 1993; and that Claimant was entitled to a reinstatement of benefits effective August 21, 1993 through an indefinite period. The Board reasoned, on appeal, that the WCJ's decision in this regard was supported by substantial evidence.[1]

Employer, on appeal to this Court, asserts that the Board erred in affirming the WCJ's finding that Claimant suffered a work-related injury as the finding is not supported with substantial, competent and unequivocal evidence because Dr. Barsoum's testimony was based upon an inaccurate history and Dr. Bompiani overlooked evidence that Claimant suffered the same symptoms of low back and left leg pain prior to the November 1991 injury. Instantly, the WCJ's decision is based on facts supported by the unequivocal testimony of Claimant and Drs. Bompiani and Barsoum, which was determined to be "competent, credible, sufficient and persuasive." It is well settled that the WCJ, as the ultimate finder of fact, must determine issues of credibility and may accept or reject any testimony, in whole or in part, including the medical opinion of an expert witness. *Spring Gulch Campground v. Workmen's Compensation Appeal Board (Schneebele)*, 148 Pa. Cmwlth. 553, 612 A.2d 546 (1992).

■ Moreover, this Court has consistently held that the testimony of a single medical expert is a reasonable basis upon which a WCJ may arrive at a finding of fact despite conflicting evidence. *Id.* Furthermore, the Court finds nothing in record to demonstrate that the WCJ reached his own independent medical determinations or conclusions as contended by Employer. The Court thus concludes from its review of the record that the Board was correct in affirming the WCJ's award of benefits based on the determination

---

1. This Court's review of an order from the Board is limited to the determination of whether an error of law was committed, whether constitutional rights were violated or whether necessary factual findings are supported by substantial evidence. *Goldberg v. Workers' Compensation Appeal Board (Star Enterprises)*, 696 A.2d 263 (Pa. Cmwlth.1997), *appeal denied*, — Pa. —, — A.2d —, 1998 Pa. LEXIS 405 (March 4, 1998).

Hence, this Court must focus on whether there is rational support in the record, when reviewed as a whole, for the agency action. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). It is not this Court's role to reweigh the evidence or to reject findings of fact that are supported by competent evidence. *Id.*

that Claimant suffered a work-related compensable injury in November 1991.

Employer also asserts that the Board erred in affirming the WCJ's decision to reinstate Claimant's benefits as of August 21, 1993 because the evidence indicates that his physical condition did not require that he work with restrictions and because Claimant's termination was for economic reasons.[2] Employer relies upon *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995), where the Supreme Court held that benefits are not payable if a claimant's loss in earning power is attributable to factors other than to a work-related injury. The question resolved in *Harle* was whether a claimant who suffers a residual physical impairment or medical disability should continue to receive benefits where the claimant's loss in earning power is no longer attributable to a work-related injury. The claimant began working for a different employer after his former employer terminated its business; he performed the same duties but at a lesser rate of pay. The Supreme Court agreed that the claimant was ineligible for partial disability benefits under the circumstances because his loss in earnings was unrelated to his work injury. He simply earned less money at the new job.

■ In the case here the Court finds no support for Employer's argument. The WCJ's reinstatement of benefits was granted because Claimant was laid off during a period of suspension of benefits, and Employer did not make available to Claimant any other type of employment within his physical restrictions. Therefore, *Harle* is distinguishable from the present case because it involves a claimant who loses his employment due to layoff during a period of suspension and while employed in light-duty work. It is inconceivable that the *Harle* court intended to allow employers the right to lay off employees during a period of suspended benefits and restricted employment that was attributable to the employee's work related injury without affording protection to the employee who suffers a loss of earnings under these circumstances. If Claimant

performed his regular job without medical restrictions and was laid off during the suspension period, the Court would be compelled to reach a contrary result. Moreover, for its argument to succeed, Employer would have this Court do that which it cannot and will not do: reweigh the evidence and make credibility determinations. *See Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992); *Spring Gulch Campground.*

Lastly, Claimant requests the Court to assess attorney's fees against Employer for filing an appeal based solely on a challenge to the WCJ's credibility determinations. This Court, in its discretion, declines to do so and concludes instead that Employer has raised issues containing arguable merit. The order of the Board is hereby affirmed.

### ORDER

AND NOW, this 1st day of April, 1998, the order of the Workers' Compensation Appeal Board is affirmed.

---

2. Of course, Employer's entire argument disavows the existence of a work-related injury but, in this instance, suggests that if there were such an injury a reinstatement is not proper.