Henry MACOMBER, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (PENSKE TRANS-
PORTATION SERVICES AND
GALLAGHER BASSETT SERVICES
AND OLD REPUBLIC INSURANCE
COMPANY), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 2003.

Decided Dec. 17, 2003.

Robert A. Sloan, Philadelphia, for peti-
tioner.

Zachary M. Rubinich, Philadelphia, for
respondents.

BEFORE: FRIEDMAN, J., and
COHN, J., and McCLOSKEY, Senior
Judge.

OPINION BY Judge COHN.

This case presents a question of first impression in Pennsylvania: whether the phrase "has a place of business," as used in the extraterritorial injury provision in Section 305.2 of the Workers' Compensation Act,[1] (Act) requires that the out-of-state "place of business" be *owned or leased* by the employer in order for a claimant's employment to be "principally localized" there. We are here concerned with a locale in New Jersey, where Penske Transportation Services (Employer) and its insurers assert Henry Macomber's (Claimant) employment is principally localized, so that the worker's compensation system of that state has jurisdiction in this case, even though Employer did not own or lease any premises in New Jersey. The Workers' Compensation Appeal Board (Board) held that ownership or leasing of the "place of business" was not required and, therefore, that Claimant's employment was "principally localized" in New Jersey, thus vesting jurisdiction of the claim in that state. On that basis, it reversed the decision of a Workers' Compensation Judge (WCJ), who had granted the claim petition, after finding that Claimant's employment was "principally localized" in Pennsylvania.

The WCJ found the following facts. Claimant is a resident of Pennsylvania. He was employed by Employer as a truck driver when, on October 24, 1998, he suffered a work-related injury to his neck, right shoulder and low back in Florence, New Jersey. At the time, he was attempting to pull out a pin to disengage his trailer from the tractor portion of the truck.

Employer is a trucking company and provided hauling for Super Fresh Supermarkets (Super Fresh) from a warehouse located in Florence, New Jersey (NJ Warehouse) to Super Fresh stores located in Pennsylvania, Delaware and New Jersey. Claimant was originally hired in 1992 by Gross & Hecht, which was owned by Leaseway Transportation. Claimant's duties and daily routine did not change when Employer "took over" the company. (WCJ Adjudication, Finding of Fact 4(c)). Daily, since August 1992, Claimant went to the NJ Warehouse to get his truck, which was loaded there by Super Fresh employees. Employer had a number of employees present at the warehouse, including the terminal manager, Rod Boyle. Claimant then made deliveries from the NJ Warehouse to Super Fresh stores, spending approximately 70% of his work time in Pennsylvania and 15% each in Delaware and New Jersey. There were fifty times, during these six years, that Claimant kept his truck overnight at his home in Pennsylvania. The rest of the time, he returned the truck to the NJ Warehouse, and then returned home at the end of the day.

The NJ Warehouse occupied and used by Employer was located in an area within the Super Fresh complex entered via the main gate. Although Employer received no visitors at this locale, about fifty of Employer's personnel were assigned to work at the NJ Warehouse: four administrative personnel (including Boyle), five mechanics, and approximately forty truck drivers. Inside, Employer had some files, office equipment, a sign, bulletin boards and furniture. All of the business Employer conducted there pertained to Super Fresh. It had a similar arrangement with regard to its other customers. Employer has its corporate office in Reading, Pennsylvania, and another office in Langhorne, Pennsylvania.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 9 of the Act of December 5, 1974, P.L. 782, 77 P.S. § 411.2.

The WCJ found that in early October of 1998, Super Fresh decided to close its Florence, New Jersey warehouse facility. As a result of this, in late October, one of Employer's vice presidents informed Boyle that Super Fresh had terminated its contract with Employer. Upon hearing this, Boyle went immediately to the facility and recovered Employer's files and his computer from the office.[2]

■ The WCJ concluded, *inter alia,* that Claimant had met his burden to show a work-related injury and that Claimant was domiciled in Pennsylvania. She also determined that, because Employer did not own or lease the premises in New Jersey, it did not "have a place of business in New Jersey," so as to vest that state with jurisdiction over Claimant's claim. Therefore, she held that Claimant's employment was "principally located" in Pennsylvania. Accordingly, she granted the claim petition and Employer appealed. On appeal the Board reversed, concluding that the WCJ had erred in determining that an employer must own or lease the property in a state to "have a place of business" such that it is principally localized there. Claimant then appealed to this Court.[3]

On appeal, we must decide the meaning of the clause "has a place of business." Section 305.2 of the Act, pertinently states:

(a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such

employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:

(1) **His employment is principally localized in this State, or**

(2) **He is working under a contract of hire made in this State in employment not principally localized in any state, or**

(3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or

(4) He is working under a contract of hire made in this State for employment outside the United States and Canada.

. . .

(d) As used in this section:

. . .

(4) **A person's employment is principally localized in this or another state when (i) his employer** *has a place of business* **in this or such other state and he regularly works at or from such place of business,** or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time

2. A month later, Super Fresh allowed Employer to "Go back in and clean the facility out," thus enabling it to retrieve the remainder of its property from the office. (WCJ Adjudication, Finding of Fact 12(n)).

3. Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence and whether there has been a constitutional violation or an error of law. *Meyer v. Workers' Compensation Appeal Board (Raytheon Company),* 776 A.2d 338, 339 n. 3 (Pa.Cmwlth.2001).

in the service of his employer in this or such other state.

(Emphasis added.)

▮ It is not in dispute that Claimant was outside the "territorial limits" of Pennsylvania when his injury occurred. Thus, in order for Claimant to prevail, and to be covered by Pennsylvania's workers' compensation system, he must prove either that his employment is "principally localized" in Pennsylvania, as that term is defined in Section 305.2(d)(4), or that, pursuant to Section 305.2(a)(2), it was not principally localized in any state. The focus is on subsection 305.2(d)(4)(i) which, in defining "principally localized," requires Claimant to show that Employer "has a place of business" in Pennsylvania and that he regularly worked out of it.[4] We, thus, must determine what that clause means.

The Board and both counsel agree that our Court has not specifically addressed this issue. The Board, in reaching its decision, relied on *Robbins v. Workmen's Compensation Appeal Board (Mason–Dixon Line, Inc.)*, 91 Pa.Cmwlth. 269, 496 A.2d 1349 (1985). In *Robbins*, the claimant had been hired in Tennessee to be a truck driver. He suffered a work-related heart attack while driving his truck in South Carolina. However, the factual findings indicated that he had received all of his work assignments from a truck terminal in Morrisville, Pennsylvania, and that he was required to maintain close contact with the employer's dispatchers at other Pennsylvania terminals. The Court concluded that he was principally localized in Pennsylvania because he regularly worked at or from the Pennsylvania locations. The Board stated, in its adjudication, that *Robbins* does not specifically disclose whether the employer owned or leased space at the truck terminals in question, and posits that these criteria must not be determinative since they were not even discussed in the opinion.

Claimant, in response, cites a case from the Supreme Court of Kentucky, *Haney v. Butler*, 990 S.W.2d 611 (Ky.1999), which construes the clause "has a place of business" in a Kentucky statute that is virtually identical to our statute.[5]

In *Haney*, the employer, Haney Leasing, hauled cargo on the navigable waters in Kentucky, Alabama, Mississippi, Tennessee, and Louisiana. The company was incorporated in and had business offices in Kentucky. It was responsible for maintaining the barges and towboats used in its leasing operations. Butler had been hired in Kentucky and had an office in that state, although he actually lived near Nashville, Tennessee. Butler went to Mobile, Alabama, to supervise the inspection and repair of a leased towboat and barges and was killed in a vehicle accident sometime during the late night or early morning hours. There was no evidence that the corporation owned or leased any property in Alabama or that it maintained any office there at the time Butler was killed.

The Administrative Law Judge for the Kentucky workers' compensation system found that Butler's death was work related, but determined that the widow should have brought her claim in Alabama, not Kentucky. The Kentucky workers' compensation appeal board affirmed. The court of appeals reversed on the basis that, because Haney Leasing neither owned nor

---

4. Claimant bears the burden of proof to show that he falls within the language in Section 305.2 that would allow him to recover in Pennsylvania. *See George Liko Co. v. Workmen's Compensation Appeal Board (Stripay)*, 151 Pa.Cmwlth. 163, 616 A.2d 197 (1992).

5. This provision was drawn from a model workers' compensation provision. *McIlvaine Trucking, Inc. v. Workers' Compensation Appeal Board (States)*, 570 Pa. 662, 810 A.2d 1280 (2002).

leased property in any Alabama port, and because it had no fixed physical location in Alabama where regular business was conducted, it had no "place of business" in that state. On further appeal, the Supreme Court of Kentucky observed that the word "has," as used in the clause "has a place of business," "denotes possession" and, thus, concluded that "for an employment to be principally localized within a particular state . . ., the employer must either lease or own a location in the state at which it regularly conducts its business affairs, and the subject employee must regularly work at or from that location." *Haney*, 990 S.W.2d at 617. Concluding that Haney Leasing was not principally localized in any state, the Court held that Kentucky had jurisdiction over the claim because the employer owned property there.

The Board decided not to rely on the *Haney* case in its adjudication, noting that the case turned on the Kentucky Supreme Court's construction of the word "has" as meaning "possess." The Board observed that the term "has" can also "denote privilege or entitlement" and, in this case, the testimony of Boyle was that Employer was "entitled to use the premises as long as it had a contract with Super Fresh and was in possession of that premises as long as it had that contract." (Board Adjudication, p. 5–6, n. 3.) In fact, Employer, and its predecessor, used the premises from 1992 until 1998.

We agree with the Board that the *Haney* opinion is not persuasive here. In *Haney*, the employer did not maintain *any* office in Alabama. Thus, the *Haney* court was not faced with the situation we have here, where Employer did maintain an office for an extended period of time, at which employees worked, although without the technical written formalities of a lease or deed. It is not clear under these circumstances, what the *Haney* court would have done.

■ We hold that an employer is not required to own or lease property to have a place of business under Section 305.2 of the Act. Under principles of statutory construction, "[w]ords and phrases shall be construed according . . . to their common and approved usage." Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). Here, the legislature did not use the specific words "owns or leases," but the more general term "has." We decline to impose on that term a more restrictive meaning than the "common" one, when there is no indication that the General Assembly intended the word "has," as used in Section 305.2(d), to be so narrowly construed. The word "has,"[6] can also mean "to be in a position to exercise (as a right or privilege)." Webster's Third New International Dictionary of the English Language, 1039 (unabridged 1993). Therefore, this meaning, a common one, must also be afforded some weight.

In this case, it is clear that Employer did exercise some right and control over activities at the NJ Warehouse. There was evidence that, for five years, Claimant reported to work in Florence, New Jersey, picked up his truck which was loaded there, and received his work assignments there. Since at least 1992, Claimant's Employer had an office, kept many trucks there, numerous employees reported there each day, records were kept there, and Employer had a post office box there. Certainly, as in *Robbins,* these activities are indicia that Employer was conducting ongoing business operations in New Jersey, the state where the injury occurred.

In addition, under Section 305.2(d), the definition of "principally localized" re-

6. In looking up "has," the reader is referred to "have."

quires not only that there be a place of business, but also that the Claimant "regularly work at or from such place of business." For example, in *Minus v. Workmen's Compensation Appeal Board (TastyKake Baking Co.)*, 91 Pa.Cmwlth. 281, 496 A.2d 1340 (1985), the claimant suffered a compensable injury and obtained benefits from New Jersey under the laws of that state. He then sought benefits in Pennsylvania and the referee held that, even though the claimant lived in New Jersey, because the employer's principal base of operation was in Pennsylvania, this state had jurisdiction over the employee's claim. The Board reversed, holding that the employee regularly worked from the New Jersey location and, therefore, his employment was principally located there. We affirmed the Board and noted that the employer maintained and supervised a building in New Jersey, which the claimant used as a distribution point. We also observed that "for a claimant to fall within the provisions of Section 305.2(d)(4)(i), not only must an employer have a place of business in this state, [Pennsylvania] but also, the *employee* seeking benefits must have regularly worked *at* or *from* that place of business.... It is evident that the legislature intended that an employee have something more than a minimal nexus with Pennsylvania under this subsection." *Minus*, 496 A.2d at 1342 (emphasis in original).

The record is clear that, in the case *sub judice*, Claimant did not regularly work at or from any finite Pennsylvania location. Although his relationship with Pennsylvania is arguably less attenuated than that in *Minus*, where the employee did not even live in this state, as the previously recited facts demonstrate, it is still minimal from an employment standpoint. *See also Holland v. Workmen's Compensation Appeal Board (Pep Boys)*, 137 Pa.Cmwlth. 22, 586 A.2d 988 (1990) (where a claimant truck driver began virtually every working day from a location in New Jersey. Because his routes also took him through several other states, so that he was in Pennsylvania, alone, 26% of the days he worked and in Pennsylvania and other states an additional 20% of the time, Pennsylvania did *not* have jurisdiction over the claim); *Root v. Workmen's Compensation Appeal Board (U.S. Plywood Corp.)*, 161 Pa. Cmwlth. 291, 636 A.2d 1263 (1994), *petition for allowance of appeal denied*, 538 Pa. 678, 649 A.2d 678 (1994) (where the claimant/salesperson was required to attend only monthly sales meetings and other "sporadic functions" at the employer's Philadelphia, Pennsylvania office, these "periodic contacts" were insufficient to establish that the claimant "regularly worked at or from" the Philadelphia location. A claimant must prove "that he or she works from the Pennsylvania location as a rule, not as the exception." *Id.* at 1266).

██ Here, beginning in 1992, Claimant went, each day, to the New Jersey location to get his truck, his instructions, and usually returned there at the end of the day. Because we conclude that there was substantial evidence [7] that Employer "has a place of business" in New Jersey from which Claimant regularly worked, we, thus, affirm the Board's determination that the claim should have been brought in that state.

### ORDER

**NOW**, December 17, 2003, the order of the Workers' Compensation Appeal Board

---

7. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *York Ter-race/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas)*, 140 Pa.Cmwlth. 75, 591 A.2d 762, 764 n.5 (1991).

in the above-captioned matter is hereby affirmed.