615 A.2d 833

**GENERAL ELECTRIC COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (SPORIO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 10, 1992.

Decided Aug. 19, 1992.

P. Ronald Cooper, for petitioner.

Timothy Conboy, for respondent.

Before CRAIG, President Judge, and PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

General Electric Co. (employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision which granted compensation to Lawrence Sporio (claimant) under The Pennsylvania Workmen's Compensation Act (Act).[1]

■ The sole issue before us is whether, under the extraterritorial provisions of Section 305.2, the claimant was working under a contract for hire in employment not principally localized in any state.[2]

The following are the facts, as found by the referee, relevant to this appeal:

FOURTEENTH: Claimant is a bricklayer by trade and he worked for various employers by assignment from the union

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. Although the claimant has also argued that the employer waived this issue by failing to raise it specifically before the referee, we need not address that argument because Section 305.2 is clearly a means of establishing subject matter jurisdiction for the workmen's compensation authorities and, as such, objections to jurisdiction under this section may be raised at any time during the proceedings. *Kutt v. Beaumont Birch Co.,* 177 Pa.Superior Ct. 352, 110 A.2d 816 (1955).

hall. His various employments involved exposure to the dusts of silica, asbestos, and other noxious dusts, gases and fumes during the construction of and in the tearing out and repair of various blast furnaces, coke ovens, soaking pits, glass tanks and other jobs which occurred both in and outside the Commonwealth of Pennsylvania.

FIFTEENTH: Claimant alleges that he became disabled from an occupational disease on May 25, 1983. The 300 week period provided for the determination of the employer liable, if applicable, runs from August 18, 1977, to May 25, 1983.

. . . .

TWENTIETH: The records submitted by claimant's union indicated that he worked for the defendant, General Electric Company, for 82.5 hours in 1978, 330 hours in 1979, 375 hours in 1980, or a total of 787.5 hours.

TWENTY–FIRST: Defendant, General Electric Company, submitted records revealing that claimant worked on its behalf at Bridgeville, Pa., for 40 days in 1978, 1979, and 1980, at Jackson, Mississippi, for 25 days in 1980 and 1981, 13 days in Kentucky for 1981 and 1982, and 5 days in Ohio in 1982.

TWENTY–SECOND: Claimant's last employment was with the defendant, General Electric Company, in Kentucky, from July 20, 1982, to August 1, 1982.

TWENTY–THIRD: With regards to the last employment with the defendant, General Electric Company, claimant was contacted by the defendant in Bridgeville, Pa., and was asked to do the job in Lexington, Kentucky, from July 20, 1982, to August 1, 1982. Claimant accepted the job assignment and proceeded to Lexington and performed the work.

TWENTY–FOURTH: This Referee finds that the claimant's contract of hire was made in Pennsylvania for work in Kentucky.

Referee's Decision of April 28, 1986, Reproduced Record (R.R.) at 10a.

Based on these findings, the referee determined that the claimant was eligible for compensation under The Pennsylvania Workman's Compensation Act. The Board dismissed the employer's appeal as not timely and this court affirmed the Board's order. The Pennsylvania Supreme Court reversed the order of this court and remanded the case to the Board for a decision on the merits. On remand, the Board's review focused on Section 305.2(a)(2) of the Act. The Board concluded that the claimant did come under the umbrella of the extra-territorial jurisdiction provided by this section because the claimant's contract of hire was made in Pennsylvania and because his history of employment showed that he was not principally localized in any state. The employer now appeals this decision of the Board.

Section 305.2(a) provides in relevant part:

(a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he ... would have been entitled to the benefits provided by this act had such an injury occurred within this State, such employe ... shall be entitled to the benefits provided by this act, provided that at the time of such injury:

. . . .

(2) He is working under a contract of hire made in this State, in employment not principally localized in any state.

In regard to this section, the referee found as a fact that the claimant last worked for the employer under a contract made in Pennsylvania for work to be performed from July 20, 1982 to August 1, 1982 in Lexington, Kentucky. This finding of fact has not been challenged by either party. What the employer does argue is that the Board erred by looking beyond the contract in question and examining the claimant's employment history to determine whether his employment was principally localized in any state. We agree and will reverse the Board.[3]

3. Our scope of review in workmen's compensation cases where both sides have presented evidence is limited to determining whether constitutional rights were violated, errors of law committed, or whether

In support of the Board's decision, the claimant cites *Pilot v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 86 Pa.Commonwealth Ct. 432, 485 A.2d 514 (1984) for the proposition that the entire employment relationship must be considered rather than just the contract under which the claimant was employed at the time of the injury. In that case, Pilot accepted an offer in Pennsylvania for a short-term job in Ohio. While in Ohio, he was offered further employment for three weeks in Pennsylvania followed immediately by one week in Indiana. Based on *these* facts, we concluded that the contract was made in Ohio and that his employment was not principally localized in any state. The claimant's argument relies on a footnote which indicates that Pilot worked for Corning in several states during the three years preceding his injury. However, it is obvious to us that the information in the footnote was not a part of the referee's findings of fact and therefore, was not the basis for any legal conclusions. The only employment considered was that which occurred during the contract in force at the time of his injury, i.e., his work in Pennsylvania and Indiana.

In addition, we agree with the employer's argument that, in order to consider what are usually distinct jobs as a single period of employment, there must be evidence of an ongoing employment relationship. *Taylor v. Workmen's Compensation Appeal Board (Ace Installers)*, 117 Pa.Commonwealth Ct. 188, 543 A.2d 219 (1988). Such a relationship is not present here. The referee's findings indicate that the claimant worked for the employer a total of 83 days from 1978 through 1982. During the first seven months of 1982, the claimant worked just 18 days. Furthermore, the claimant was employed by at least six other employers from 1978 through 1982, with some for periods well in excess of his time with the employer here.

Accordingly, because the referee's findings of fact indicate that the claimant was injured as the result of his work which

findings of fact were supported by substantial evidence. *Furnco Constr. Corp. v. Workmen's Compensation Appeal Board (Dorogy)*, 124 Pa.Commonwealth Ct. 17, 555 A.2d 275 (1989).

was principally localized in another state, we hold that his employment does not qualify him for compensation under Section 305.2(a)(2) of the Act. The order of the Board is reversed.

## ORDER

AND NOW, this 19th day of August, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.