Glenn MEYER, Petitioner,

v.

WORKERS' COMPENSATION
APPEAL BOARD (Raytheon
Company), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2001.

Decided June 20, 2001.

William C. Haynes, Lancaster, for petitioner.

Thomas M. Fraticelli, Harrisburg, for respondent.

Before COLINS, Judge, KELLEY, Judge, RODGERS, Senior Judge.

COLINS, Judge.

Glenn Meyer petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the dismissal of Meyer's claim petition on the ground that he failed to meet his burden of proving that Pennsylvania is the proper forum for his workers' compensation claim.

On March 5, 1998, Meyer filed a claim petition alleging that he injured his right knee during the course and scope of his employment as a mechanical supervisor for Raytheon Company at the Salem Nuclear Generating Station in Salem, New Jersey. INA/Cigna, Raytheon's insurance carrier, denied all allegations and subsequently filed a petition to join Liberty Mutual Insurance Company as an additional defendant. Liberty Mutual stipulated that it provided the applicable workers' compensation coverage, and the workers' compensation judge (judge) dismissed INA/Cigna as a party. Liberty Mutual then raised the issue of extraterritorial jurisdiction.[1]

---

1. Liberty Mutual filed an appeal of the judge's June 15, 1998 order dismissing INA/Cigna as a party; the appeal raised the issue of jurisdiction in addition to the medical issues. Upon joint request of the parties, the Board

The judge summarized Meyer's testimony as follows. In December 1977, Meyer worked for Calalytic, Inc. a carpenter general foreman. Raytheon acquired Catalytic in 1986, and in November 1993, Raytheon laid Meyer off. Meyer worked for Nuclear Power Services, Inc. as a mechanical supervisor from December 1994 until he was laid off in June 1995. By letter dated August 7, 1995, Raytheon hired Meyer as a mechanical supervisor for a construction project at the Salem, New Jersey site, where he remained employed until April 22, 1997. For the duration of the project, Meyer resided in an apartment that he rented in his own name and at his own expense; he renewed the annual lease when it first expired. Meyer reported his work injury on March 3, 1997 and received New Jersey workers' compensation benefits for the injury from INA/Cigna.

Based on Meyer's credible and uncontradicted testimony, the judge found that Meyer was hired in Pennsylvania and worked exclusively in New Jersey where he was assigned exclusively to the Salem site; that although he maintained a home in York, Pennsylvania, Meyer resided at the Salem, New Jersey apartment from which he commuted to work; that Meyer was hired for services to be rendered only at the Salem site and no other work was contemplated by the parties; that Meyer has not worked for Raytheon since April 22, 1997; and that Meyer was compensated for the injury under the laws of New Jersey.

The judge concluded that even though Meyer was working under a contract for hire made in Pennsylvania in employment principally located in New Jersey, he was not entitled to benefits under Section 305.2(a)(3) of the Workers' Compensation Act (Act),[2] because New Jersey workers' compensation law applied to his claim. He concluded that Section 305.2(a)(2) did not apply because his employment with Raytheon (1977 to 1986 and 1995 to 1997) did not constitute a single period of employment. The Board affirmed.

On appeal[3] to Commonwealth Court, Meyer argues that he is entitled to benefits in Pennsylvania pursuant to Section 305.2(a)(2) of the Act because he was working under a contract for hire made in Pennsylvania in employment not principally localized in any state. He avers that the record shows that his employment with Raytheon dates to 1977 and consisted of work in different states while he maintained his principal residence in Pennsylvania. He argues that the facts of this case are similar to those in *Atkins v. Workmen's Compensation Appeal Board (Geo–Con, Inc.)*, 651 A.2d 694 (Pa.Cmwlth. 1994), and *S.I. Industries v. Workmen's Compensation Appeal Board (Zon)*, 149 Pa.Cmwlth.441, 613 A.2d 170 (1992), *petition for allowance of appeal denied*, 534 Pa. 644, 626 A.2d 1161 (1993).

When an employee working outside Pennsylvania is injured and would have been entitled to benefits had the injury occurred in Pennsylvania, the employee is entitled to benefits if at the time of the injury 1) his employment is principally localized in Pennsylvania; 2) he is working under a contract for hire made in Pennsylvania in employment not principally local-

---

vacated the judge's June 15, 1998 order and remanded to the judge.

**2.** Act of June 2, 1915, P.L. 736, *as amended,* added by Section 9 of the Act of December 5, 1974, P.L. 782, 77 P.S. § 411.2(a)(3).

**3.** Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

ized in any state; 3) he is working under a contract for hire made in Pennsylvania in employment principally localized in another state whose workers' compensation law is not applicable to the employer; or 4) he is working under a contract for hire made in Pennsylvania in employment outside the United States and Canada. Section 305.2 (a) of the Act, 77 P.S. § 411.2(a).

A person's employment is "principally localized" in a state when

(i) his employer has a place of business in this or another state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

77 P.S. § 411.2(d)(4).

Applying the statute, the judge concluded that Meyer was working under a contract of hire made in Pennsylvania in employment principally localized in New Jersey and that he was not entitled to benefits under the law because Meyer had received benefits under New Jersey's workers' compensation law, which applied to his employer. In asserting that his employment was not principally localized in any state, Meyer argues that the judge should have looked beyond the contract for hire for the Salem site and considered his employment history with Raytheon, which history, he contends, establishes a continuous employment relationship and establishes that his employment is not principally localized in any state.

█ We agree with Meyer's contention that when an employee works for an employer on a per-job basis, if the evidence of record establishes a continuous employment relationship, we may consider the individual jobs as a single period of employment for the purpose of determining where the employee's employment is principally localized. *Atkins; General Electric Company v. Workmen's Compensation Appeal Board (Sporio)*, 150 Pa.Cmwlth. 119, 615 A.2d 833 (1992); *S.I. Industries; Taylor v. Workmen's Compensation Appeal Board (Ace Installers)*, 117 Pa. Cmwlth. 188, 543 A.2d 219 (1988). However, in the present case, the record does not support a conclusion that Meyer had a continuous employment relationship with Raytheon.

The record supports the judge's finding that Meyer was laid off by Raytheon in November 1993, worked for another employer from December 1994 through June 1995, and was hired by Raytheon in August 1995 for the construction project in Salem, New Jersey. For the duration of the project (August 1995 to April 22, 1997), Meyer worked exclusively at the Salem site. Meyer last worked for Raytheon on April 22, 1997. Meyer himself testified as to these facts. Exhibit 4 documents that from December 1977 to November 1993 Meyer worked continuously for Raytheon in Pennsylvania, New Jersey, and Maryland, finishing work at one site and moving within the same month to work at the next site.

█ The facts of this case are distinguishable from those in *Atkins* and *S.I. Industries*, wherein each claimant established a continuing series of job contracts with the employer and that the parties to the contracts contemplated that the claimant would work at other sites. Although Meyer worked continuously for Raytheon from 1977 through 1993 and received a salary as a permanent employee, his employment from August 1995 to April 1997 cannot be considered part of that same, single period of employment after a year

and a half break during which he worked for another employer. He returned to work for Raytheon in August 1995 on an hourly basis after accepting a contract for a short-term assignment.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 20th day of June 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.