Charles GREENAWALT, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (BRISTOL ENVIRONMENTAL, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 21, 2014.
Decided May 12, 2014.

Justin R. Lewis, Pittsburgh, for petitioner.

Joseph A. Ramser, Pittsburgh, for respondents.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge SIMPSON.

Charles Greenawalt (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) dismissal of his claim petition on the ground that he failed to meet his burden of proving Pennsylvania is the proper forum for his workers' compensation claim. Claimant asserts the WCJ and the Board misapplied Section 305.2 of the Workers' Compensation Act[1] (Act) (governing injuries occurring extraterritorially) when they dismissed his claim. Upon review, we affirm.

In April 2010, Claimant filed a claim petition alleging he sustained a work-related back injury, including but not limited to bulging discs, during the course of his employment with Bristol Environmental, Inc. (Bristol). Bristol denied the allegations, and it asserted that Pennsylvania lacked jurisdiction over the claim petition because Claimant's alleged injury occurred in New York, and that Claimant's alleged injury did not occur in the course and scope of employment. Claimant also filed a penalty petition. Again, Bristol denied the allegations. Hearings ensued before a WCJ.

Claimant testified he works as a union laborer out of Local 1451 in Latrobe, Pennsylvania. As a union laborer, he has a business agent, who locates jobs for union laborers. Throughout his membership with Local 1451, Claimant worked for Bristol a number of times. These jobs were for a limited duration, followed by a layoff. Before accepting his most recent job with Bristol at a job site in New York, Claimant worked for two other companies, Global Insulation, Inc. and LVI Environmental Services, Inc.

In September 2009, Bristol hired Claimant to perform work on the Midtown Mall project in Rochester, New York. While in New York, Claimant initially stayed at a hotel; however, Bristol later obtained lodging for Claimant and two of his coworkers at an apartment complex. Claimant and his coworkers would work throughout the week in New York and return home to Pennsylvania on weekends.

After spending the weekend of December 12 and 13, 2009 at home, Claimant and his coworkers returned to the New York apartment complex on Sunday evening. The next morning, Claimant slipped and fell on ice as he walked to his car to warm it up before leaving for the job site. Claimant testified he hit his back and tailbone as a result of the fall. Claimant's coworkers helped Claimant to his feet. They then proceeded to the job site. Upon arriving at the job site, Claimant notified his foreman of the incident.

Claimant testified that he attempted to perform his job duties that morning, but had difficulty because of the intense pain. Claimant's supervisor instructed him to perform light duty work, and Claimant completed his shift performing light duty work. Claimant continued to perform light duty work until Bristol laid him off in January 2010.[2]

---

1. Act of June 2, 1915, P.L. 736, added by the Act of December 5, 1974, as amended, 77 P.S. § 411.2.

2. In support of his claim petition, Claimant presented the deposition testimony Dr. Zongfu Chen (Claimant's Physician), who is board certified in anesthesiology and pain management. Based on Claimant's history, his physical examinations and treatment of Claimant, Claimant's Physician opined that Claimant

Ultimately, the WCJ dismissed Claimant's claim and penalty petitions, determining Claimant did not prove that the invocation of jurisdiction in Pennsylvania was proper under Section 305.2 of the Act. Specifically, the WCJ found that at the time of his injury, Claimant worked under a contract of hire made in Pennsylvania for employment principally localized in New York. Although Claimant previously worked for Bristol on numerous occasions throughout the years at various job sites that may not have been principally localized in any state, Claimant did not have a continuous employment relationship with Bristol such that the prior jobs would constitute a single period of employment for purposes of determining where Claimant's employment was principally localized. Thus, the WCJ dismissed Claimant's claim and penalty petitions for lack of jurisdiction.

Claimant appealed, and the Board affirmed. This appeal by Claimant followed.

On appeal,[3] Claimant argues the WCJ and the Board erred in determining Pennsylvania lacks jurisdiction over his claim. While his injury occurred out of state, Claimant contends, extraterritorial jurisdiction is proper under Section 305.2 of the Act.

In particular, Claimant asserts his employment was principally localized in Pennsylvania making jurisdiction proper under Section 305.2(a)(1) of the Act, 77 P.S. § 411.2(a)(1). He maintains he was hired in Pennsylvania, and he performed his training in Pennsylvania. Also, in the past, he completed over 30 jobs for Bristol in Pennsylvania. Further, the New York job was expected to last far less than a year and did, in fact, last only three months for Claimant. Thus, Claimant argues, jurisdiction is proper pursuant to Section 305.2(a)(1).

Alternatively, Claimant maintains, even if this Court determines his employment was not principally localized in Pennsylvania, jurisdiction over his claim lies in Pennsylvania because it is undisputed that the contract for hire was made in Pennsylvania and, if this Court finds his employment was not localized in Pennsylvania, it must find his employment was not localized in any state. Thus, jurisdiction would be proper under Section 305.2(a)(2) of the Act, 77 P.S. § 411.2.

Finally, Claimant contends, the WCJ made no finding as to whether New York workers' compensation law would apply to this claim. Thus, Claimant argues, at the very least a remand is appropriate to de-

suffers from facet pain syndrome. Claimant's Physician further opined Claimant's slip and fall caused his injury, and aggravated his underlying degenerative disc problems. Claimant's Physician opined Claimant has not fully recovered from the injury, that he requires further medical treatment, and that he is not physically capable of returning to any type of heavy lifting activities like he performed in his pre-injury position.

In opposition to Claimant's claim petition, Bristol presented the deposition testimony of Dr. Victor J. Thomas (Bristol's Physician), who is board certified in orthopedic surgery. Bristol's Physician explained he performed a physical examination of Claimant, which revealed no evidence of a residual or continuing

injury. Based on Claimant's history and his review of Claimant's medical records, Bristol's Physician explained Claimant had chronic low back problems that pre-existed the work incident. Bristol's Physician opined that, even assuming Claimant suffered an aggravation of his pre-existing back condition as a result of the work incident, Claimant fully recovered from that injury.

3. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037 (Pa.Cmwlth.2011).

termine whether jurisdiction is proper under Section 305.2(a)(3) of the Act, 77 P.S. § 411.2(a)(3).

Bristol responds the WCJ and Board correctly found that Pennsylvania lacks jurisdiction over Claimant's alleged New York injury. Substantial evidence supports the WCJ's determination that Claimant was hired in Pennsylvania to perform work principally located in New York. Although Claimant worked several previous jobs for Bristol, it is undisputed that his employment relationship was not continuous, given that he worked two other jobs for two different employers over the five-month period immediately preceding the job in which he suffered the alleged injury. Because Claimant's employment was principally localized in New York at the time of his alleged injury, and he failed to prove New York workers' compensation law was inapplicable, the WCJ and Board correctly found Pennsylvania lacks jurisdiction over his claim.

 Claimant's alleged work injury occurred in New York. Section 305.2 of the Act permits the invocation of jurisdiction for injuries occurring out-of-state under certain circumstances. It provides, in relevant part:

> (a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:
>
> (1) His employment is principally localized in this State, or

> (2) He is working under a contract of hire made in this State in employment not principally localized in any state, or
>
> (3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer....
>
> \* \* \*
>
> (d) As used in this section:
>
> \* \* \*
>
> (4) A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

77 P.S. § 411.2(a), (d)(4).

 It is well-established that "[a] claimant has the burden of proof to establish jurisdiction in Pennsylvania for his workers' compensation claim. The *focus of Section 305.2 of the Act is on the claimant's employment,* not on the employer." *Williams v. Workers' Comp. Appeal Bd. (POHL Transp.),* 4 A.3d 742, 745 (Pa. Cmwlth.2010) (citation omitted) (emphasis added).

Applying Section 305.2 of the Act, the WCJ here determined:

> Based upon the competent, credible and sufficient evidence of record, *this Judge finds that, at the time of his injury, [C]laimant was working under a contract of hire made in Pennsylvania in employment principally localized in New York, such that he is not entitled to benefits under the [Act].*

In so finding, this Judge has carefully considered [C]laimant's testimony that he has worked for Bristol . . . on numerous occasions throughout the years, at various job sites which may not have been principally localized in any state. *However, it is evident from the record that [C]laimant did not have a continuous employment relationship with Bristol . . . such that those prior jobs would constitute a single period of employment for the purpose of determining where [C]laimant's employment was principally localized. To the contrary, [C]laimant's wage records from 2009 indicate that he worked for Global Insulation, Inc. in April 2009, and subsequently worked for LVI Environmental Services, Inc. from July 2009 through September 2009, immediately prior to accepting the job with Bristol . . . in New York.* Based upon the facts of this case, this Judge finds that [C]laimant is not entitled to benefits under Section 305.2 of the Act.

WCJ Op., 12/29/11, Finding of Fact (F.F.) No. 8 (emphasis added). No error is apparent in the WCJ's determinations.

While Claimant asserts Section 305.2(a)(1) confers jurisdiction on the ground that his employment was principally localized in Pennsylvania, the WCJ's supported findings reveal that Claimant's employment was principally localized in New York, not Pennsylvania.

More particularly, the record reveals that in September 2009 Bristol hired Claimant in Pennsylvania for a job in Rochester, New York. Certified Record (C.R.), Def.'s Ex. A, Dep. of Charles Greenawalt, 11/16/10, at 5–6, 12–13. Claimant worked 40 hours per week, with occasional overtime, at the Rochester, New York job site until his layoff in January 2010. Reproduced Record (R.R.) at 33a, 96a. Although Claimant asserts he trained for the New York job in Pennsylvania, Claimant testified he underwent this training to obtain a New York license in order to start work in New York, and he was only compensated for a single day of the week-long training after which he collected unemployment compensation for the duration of the week. C.R., Def.'s Ex. A, Greenawalt Dep. at 5–6, 9.

■ To that end, "[i]n finding employment is principally localized in a given state pursuant to Section 305.2(a)(1) and (d)(4)(i) of the Act in terms of whether a claimant regularly works at a place of business within that state, one *must consider whether the claimant worked at that location as a rule and not as an exception.*" *Williams*, 4 A.3d at 746 (emphasis added). Because the WCJ's supported findings reveal that Claimant worked exclusively at the Rochester, New York job site after undergoing a week of training needed to start that work,[4] we discern no error in the WCJ's determination that

---

4. In *Reardon v. Workers' Compensation Appeal Board (Lowe's Co., Inc.)*, (Pa.Cmwlth., No. 1724 C.D.2011, filed July 31, 2012), 2012 WL 8689529 (unreported), this Court upheld a WCJ's determination that a claimant's employment was *not* principally localized in Pennsylvania where the claimant performed the majority of his sales work in New Jersey, despite the fact that the claimant performed some work for his employer in Pennsylvania, including, among other things, undergoing a week of training in Pennsylvania before commencing work in New Jersey and attending meetings in Pennsylvania. We stated, "the facts of this case establish that [the] [c]laimant's work in Pennsylvania was not the rule but, rather, the exception." *Id.*, Slip Op. at 8–9, 2012 WL 8689529 at *3; *see also Root v. Workmen's Comp. Appeal Bd. (U.S. Plywood Corp.)*, 161 Pa.Cmwlth. 291, 636 A.2d 1263 (1994) (claimant with New Jersey sales territory who spent majority of her time working in New Jersey, but had some occasional contact with employer's Philadelphia office, was not considered principally localized in Pennsylvania).

Claimant's employment was principally localized in New York. *See Gen. Elec. Co. v. Workmen's Comp. Appeal Bd. (Sporio),* 150 Pa.Cmwlth. 119, 615 A.2d 833 (1992) (where referee found that claimant last worked for employer under a contract made in Pennsylvania for work to be performed in Lexington, Kentucky, jurisdiction did not lie in Pennsylvania); *Oliveri v. Workmen's Comp. Appeal Bd. (I.T.T. Grinnell),* 117 Pa.Cmwlth. 144, 542 A.2d 658 (1988) (where claimant was hired only for a job in Oswego, New York and he worked only at that location, he could not qualify for compensation in Pennsylvania absent proof that New York workers' compensation law did not apply to his employer).

Further, the WCJ correctly determined the various jobs Claimant previously performed for Bristol did not establish a continuous employment relationship for purposes of determining where Claimant's employment was principally localized. *See Meyer v. Workers' Comp. Appeal Bd. (Raytheon Co.),* 776 A.2d 338 (Pa.Cmwlth. 2001). In *Meyer,* the claimant filed a claim petition seeking benefits for an alleged injury that occurred in New Jersey while he was working for Raytheon Company (Raytheon). Prior to his work for Raytheon at the New Jersey site, the claimant previously worked for Raytheon, and was laid off. During his year-and-a-half layoff from Raytheon, the claimant worked for a different employer. Raytheon subsequently rehired the claimant for a job in Salem, New Jersey, where he sustained an alleged injury. A WCJ dismissed the claimant's claim petition on the grounds the claimant was hired in Pennsylvania for work exclusively in New Jersey, and the claimant was compensated for the injury under New Jersey workers' compensation law. The WCJ also determined the claimant's employment with Raytheon did not constitute a single period of employment in light of the fact that the claimant had a break in his employment during which he worked for a different employer.

On appeal, the claimant argued the WCJ should have looked beyond the contract for hire in New Jersey and considered his history with Raytheon, which established a continuous employment relationship. Rejecting this argument, this Court explained:

> We agree with [the claimant's] contention that when an employee works for an employer on a per-job basis, if the evidence of record establishes a continuous employment relationship, we may consider the individual jobs as a single period of employment for the purpose of determining where the employee's employment is principally localized. However, in the present case, the record does not support a conclusion that [the claimant] had a continuous employment relationship with Raytheon.
>
> The record supports the [WCJ's] finding that [the claimant] was laid off by Raytheon in November 1993, worked for another employer from December 1994 through June 1995, and was hired by Raytheon in August 1995 for the construction project in Salem, New Jersey. For the duration of the project (August 1995 to April 22, 1997), [the claimant] worked exclusively at the Salem site. [The claimant] last worked for Raytheon on April 22, 1997. [The claimant] himself testified as to these facts....

*Id.* at 340 (citations omitted); *see also Sporio,* 615 A.2d at 835 ("[I]n order to consider what are usually distinct jobs as a single period of employment, there must be evidence of an ongoing employment relationship.")

While Claimant correctly points out that there are factual distinctions between this

case and *Meyer*, the rule set forth in *Meyer* applies here. Thus, no continuous employment relationship exists where a claimant works for an employer on a per-job basis followed by a break in employment during which he works for a different employer before being re-hired by the original employer. Similar to the claimant in *Meyer*, Claimant worked approximately 30 to 50 jobs for Bristol over a four or five-year period in Pennsylvania and West Virginia prior to his alleged work injury. R.R. at 30a–31a. In 2009, the year Claimant sustained his alleged work injury, he worked for Bristol in the early part of the year. R.R. at 86a. However, prior to working for Bristol in Rochester, New York, Claimant worked for Global Insulation, Inc. in April 2009, and later for LVI Environmental Services Inc. between July and September 2009. F.F. No. 8; C.R., Def.'s Exs. G, H. In light of the fact that Claimant had a break in his employment with Bristol of several months during which he performed work for two other employers, the WCJ correctly determined no continuous employment relationship with Bristol existed here. *Meyer*.[5]

In addition, we reject Claimant's alternative argument that Section 305.2(a)(2) of the Act confers jurisdiction here. That Section provides for the invocation of jurisdiction where a claimant is working under a contract of hire made in this state for employment not principally localized in any state. As set forth above, the WCJ's supported findings reveal that Claimant's employment was principally localized in New York.

Nevertheless, Claimant asserts the WCJ erred in finding his employment was principally localized in New York where it was not established that any of the subsections in Section 305.2(d)(4)(i)-(iii) (defining "principally localized") applied. He argues subsections (i) and (ii) require that Bristol have a place of business in New York, and there is no evidence that Bristol, in fact, has a place of business there. Further, subsection (iii) requires the employee to be domiciled in New York, and Claimant here testified he was domiciled in Pennsylvania and travelled back to Pennsylvania on weekends. Thus, Claimant contends, the WCJ erred in determining his employment was principally localized in New York. If his employment was not principally local-

---

**5.** Claimant also argues, even if we determine his prior jobs with Bristol are irrelevant, his employment is still principally localized in Pennsylvania under Section 305.2(d)(4)(ii) of the Act, 77 P.S. § 411.2(d)(4)(ii). He asserts this subsection requires the employer to have a place of business in Pennsylvania, that the claimant work at or from that place of business, and that the out-of-state work be for less than a year in duration. Claimant contends the facts here establish Bristol has a place of business in Pennsylvania, and it is undisputed Claimant worked at Bristol's Pennsylvania place of business when he completed his week-long training in September 2009. He further asserts it is undisputed that the New York job was expected to last under a year and did, in fact, last only three months. Thus, he maintains, he successfully established his employment was principally localized in Pennsylvania. We disagree.

In order for Section 305.2(d)(4)(ii) of the Act to indicate that Claimant's employment was principally localized in Pennsylvania, Claimant must have regularly worked in Pennsylvania and have been required by employment to temporarily travel outside Pennsylvania for not more than one year. *See Hasan v. Workers' Comp. Appeal Bd. (Burlington Coat Factory)*, 2012 WL 8702763 (Pa. Cmwlth., No. 2168 C.D.2011, filed April 25, 2012) (unreported). Because the WCJ found Bristol hired Claimant for a job in Rochester, New York, the WCJ correctly determined Claimant's employment was principally localized in New York. *Id.* As stated in footnote 4, the fact that Claimant underwent a week of training in Pennsylvania in order to obtain his New York license prior to beginning work in New York does not alter this result. *See Reardon; see also Root.*

ized in New York or Pennsylvania, it follows that his employment was not principally located in any state. As a result, Claimant argues, jurisdiction is proper under Section 305.2(a)(2) of the Act.

Contrary to Claimant's assertions, this Court holds that "an employer is not required to own or lease property to have a place of business under Section 305.2 of the Act." *Macomber v. Workers' Comp. Appeal Bd. (Penske Transp. Servs.)*, 837 A.2d 1283, 1287 (Pa.Cmwlth.2003) (claimant's employment was principally localized in New Jersey despite the fact that employer, a trucking company, did not own or lease the New Jersey warehouse where claimant travelled to the warehouse daily to pick up his truck and receive his orders, and where employer stored its trucks, kept records and had an office and other employees there; because employer had some "right and control" over activities at the warehouse, it "had" a place of business in New Jersey).

Here, as in *Macomber*, Bristol clearly exercised some right and control over activities at the Midtown Mall job site in Rochester, New York. There was evidence that, for several months, Claimant and other employees reported to the job site (at which a foreman was present), signed in and out every day, met at a location on the jobsite with desks, lockers and chairs and tables, and performed their duties at the job site. R.R. at 32a, 38a, 40a, 41a. Certainly, these activities are indicia that Bristol operated its business at the Midtown Mall job site in Rochester, New York. *Macomber.* Further, it is undisputed that Claimant was expected to work 40 hours per week with occasional overtime at the Midtown Mall job site until his layoff in January 2010. R.R. at 33a, 96a. Thus, the record reveals Bristol had a place of business in New York from which Claimant regularly worked, which supports the WCJ's determination that Claimant's employment was principally localized in New York under Section 305.2(d)(4)(i) of the Act. *Macomber; see also Oliveri* (where claimant was hired exclusively for a job as a plumber at a job site in New York at which employer was constructing a nuclear power plant, claimant's employment was principally localized in New York).

Finally, while Claimant asserts a remand is appropriate based on the absence of a finding regarding the applicability of New York workers' compensation law to Bristol, *see* Section 305.2(a)(3) of the Act, 77 P.S. § 411.2(a)(3), he concedes, "[t]here was absolutely no evidence submitted before the WCJ that Claimant applied for or received N.Y. workers' compensation benefits." Pet'r's Br. at 12. Because Claimant bore the burden of proof to establish Pennsylvania had jurisdiction over his claim, and because he admits he presented no proof as to the applicability of New York workers' compensation law, we discern no error in the WCJ's failure to make a finding on this point. *See George Liko Co. v. Workmen's Comp. Appeal Bd. (Stripay)*, 151 Pa.Cmwlth. 163, 616 A.2d 197 (1992) (where claimant presented no evidence regarding applicability of Ohio workers' compensation law, he could not invoke the Act's extraterritorial provision because he failed to meet his burden of proof under Section 305.2(a)(3)).

Based on the foregoing, we affirm.

### ORDER

**AND NOW,** this 12th day of May, 2014, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**