IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brad Remodeling, LLC                :
(also referred to as Brad             : No. 335 C.D. 2016
Remodeling, Inc.),                  : Submitted: September 2, 2016
                                             :
                    Petitioner    :
                                             :
                  v.               :
                                             :
Workers' Compensation Appeal     :
Board (Morris, Uninsured          :
Employers' Guaranty Fund,        :
State Workers' Insurance Fund,    :
and ACS Claims Services),       :
                                             :
                   Respondents   :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: January 4, 2017


        Brad Remodeling, LLC (Employer) petitions for review of the February 23, 2016 order of the Workers' Compensation Appeal Board (Board) that affirmed in part and reversed and vacated in part the decision of a workers' compensation judge (WCJ) granting Christopher Morris's (Claimant) claim petition. We affirm.

        On August 13, 2012, Claimant was working at a construction site in New Jersey converting a former Taco Bell into a Popeye's, when the scaffolding on which he was standing collapsed. Claimant has not returned to work and is

currently under the care of Dr. Thomas Mercora, D.O.[1]  In June 2013, Claimant filed a complaint against Employer in the Court of Common Pleas of Philadelphia County in which he averred that he was an independent contractor for Employer at the time of his injury.[2]  Reproduced Record (R.R.) at 299a-308a.

On February 19, 2014, Claimant filed a claim petition against Employer and the Pennsylvania Uninsured Employer Guaranty Fund (UEGF),[3] asserting that he sustained a work-related injury on August 13, 2012, while working as a carpenter for Employer.  UEGF and Employer filed timely answers denying Claimant's allegations and specifically denying an employment relationship between Employer and Claimant.[4]  The matter was assigned to a WCJ for hearings.

During his September 4, 2014 deposition, Claimant testified that he had worked as a carpenter for about twenty years. *Id.* at 278a-79a.  Claimant said that he began working for James Bradbury "Brad" Hassell, Employer's owner, before Hassell formally created his business, and Hassell paid him at an hourly rate

---

[1] Claimant presented the deposition testimony of Dr. Mercora, and the WCJ credited his testimony in granting the claim petition.  However, Claimant's medical condition is not in dispute and need not be further addressed.

[2] The civil case was discontinued effective October 14, 2014.

[3] UEGF is a separate fund in the state treasury, established in Section 1602 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 7 of the Act of November 9, 2006, P.L. 1362, 77 P.S. §2702, for the exclusive purpose of paying workers' compensation benefits due to claimants and their dependents where the employer liable for the payments was not insured at the time of the work injury.

[4] A claimant must be an employee to be eligible to receive benefits under the Act.  *See* Sections 103, 104, 301(a) of the Act, 77 P.S. §§21, 22, 431; *Universal Am-Can, Ltd. v. Workers' Compensation Appeal Board (Minteer),* 762 A.2d 328, 330 (Pa. 2000).  It is the claimant's burden to establish an employer/employee relationship to receive benefits. *Id.*

2

in cash. *Id.* at 282a-84a. Claimant testified that after Hassell formed his company, Hassell hired him to be the foreman starting in 2008. *Id.* at 284a.

Claimant acknowledged that he signed a form W-9 on August 16, 2008, identifying himself as an individual/sole proprietor. *Id.* at 293a-97a. Claimant said that Employer paid Claimant via check and issued him a 1099. *Id.* at 285a. Claimant stated that he paid taxes on that income and took business deductions. *Id.* Claimant also testified that he purchased liability insurance based on the advice of his former employer when he left that employment in 2007. *Id.* at 316a-18a. Claimant stated that he maintained liability insurance throughout the time that he worked for Employer because Hassell told him to keep it. *Id.* at 318a.

At a hearing before the WCJ on January 14, 2015, Claimant testified that Employer was located in Bristol, Pennsylvania; that Hassell had called him in 2008 to offer him work; and that he worked for Employer on several job sites following his hire. R.R. at 13a. Claimant stated that while he was working for Employer, approximately 90% of the work he performed was located in Pennsylvania. *Id.* Claimant also testified that he did not have a written contract with Employer. *Id.* at 16a.

Claimant stated that while he was working at the Popeye's site, he worked eight-hour days, five days per week, according to a schedule set by Hassell. *Id.* at 14a. Claimant testified that he followed Hassell's instructions while performing his carpentry work because he never saw the blueprints. *Id.* at 15a.

Hassell testified by way of deposition that Employer never had any employees, Claimant was never hired by Employer, and it was Claimant who, as an independent contractor, approached Employer for work. R.R. at 191a. Hassell asserted that Claimant was hired directly by Popeye's, not Employer, to work at

3

the job site in New Jersey. *Id.* at 192a. He further testified that he never directed Claimant in the performance of his work and that the blueprints were available to everyone at the job site to review and follow according to their expertise. *Id.* at 198a, 235a-36a. Hassell added that he performed weekly inspections to assure that the work was in accordance with the plans. *Id.* at 222a.

According to Hassell, all of the contractors on site, including Claimant, reported to Popeye's. *Id.* at 196a. Hassell also stated that Employer paid the contractors with money Popeye's paid to Employer. *Id.* at 219a-20a. Hassell agreed that there was no written contract between Claimant and Employer. *Id.* at 201a.

At the January 14, 2015 hearing, Hassell again testified that Claimant was an independent contractor, not an employee. He reiterated that there was no written contract between Employer and Claimant, just an oral "American handshake contract." R.R. at 52a.

The WCJ found Claimant's testimony to be competent, persuasive, and credible in its entirety. Finding of Fact (F.F.) No. 23. The WCJ found Hassell's testimony not credible based on his demeanor, adding that his credibility was undermined by his assertions that he had no contracts with individuals and was not familiar with the Construction Workplace Misclassification Act (CWMA).[5] F.F. at No. 24. The WCJ specifically rejected Hassell's testimony where it conflicted with Claimant's testimony and found that Claimant, a Pennsylvania resident, was hired in Pennsylvania by Employer, a business that was principally located in Pennsylvania, and performed 90% of his work for Employer in

---

[5] Act of October 13, 2010, P.L. 506, 43 P.S. §§933.1–933.17.

4

Pennsylvania. F.F. at Nos. 23, 25. Based on these findings, the WCJ concluded that extraterritorial jurisdiction had been established.

The WCJ further found that on August 13, 2012, Claimant was performing carpentry work for Employer with no written contract as part of Employer's regular business, under the direction and control of Hassell, who paid Claimant hourly and could have terminated Claimant's employment at any time. *Id.* The WCJ concluded that Claimant met his burden of proving that he was employed by Employer and injured in the course of such employment.

The WCJ granted Claimant's petition. The WCJ ordered Employer, specifically Brad's Remodeling, LLC/James Bradbury Hassell IV, primarily liable and the UEGF secondarily liable for all payments due under the award.

Employer appealed to the Board, which concluded that the WCJ erred in ordering Hassell to be liable for payment of compensation and reversed and vacated the WCJ's order in that regard. The Board affirmed the WCJ's order in all other respects.

On appeal to this Court,[6] Employer first argues that the WCJ erred in exercising extraterritorial jurisdiction over Claimant's claim under Section 305.2 of the Act,[7] which permits recovery of workers' compensation benefits in Pennsylvania for injuries sustained extraterritorially if the claimant's work was

---

[6] Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown),* 830 A.2d 649, 653 n.2 (Pa. Cmwlth. 2003). The WCJ's authority as the ultimate factfinder in determining the weight and credibility of testimony and other evidence is unquestioned and not subject to appellate review. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.),* 479 A.2d 631, 635 (Pa. Cmwlth. 1984).

[7] Added by the Act of December 5, 1974, P.L. 782, 77 P.S. §411.2.

5

principally located in Pennsylvania.[8] In relevant part, Section 305.2 of the Act states:

> (a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this act, provided that at the time of such injury:
>
>> (1) His employment is principally localized in this State, or
>>
>> (2) He is working under a contract of hire made in this State in employment not principally localized in any state, or
>>
>> (3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer. . . .
>
>              \*     \*     \*
>
> (d) As used in this section:
>
>              \*     \*     \*
>
>> (4) A person's employment is principally localized in this or another state when (i) his employer has a place of business in this or such other state and he regularly works at or from such place of business, or (ii) having worked at or from such place of business,

---

[8] We have revised the order of Employer's arguments for the sake of clarity.

6

> his duties have required him to go outside of the State not over one year, or (iii) if clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

77 P.S. §411.2(a), (d)(4). Relying on *Greenawalt v. Workers' Compensation Appeal Board (Bristol Environmental, Inc.),* 91 A.3d 305 (Pa. Cmwlth. 2014), Employer contends that Pennsylvania lacks jurisdiction over Claimant's New Jersey injury because Claimant's work with Employer was not localized in Pennsylvania. We conclude that the instant matter is distinguishable from *Greenawalt* in several ways.

In *Greenawalt*, the claimant was a union laborer who worked with the employer, Bristol Environmental, Inc. (Bristol), a number of times, with each discrete job ending in a layoff. The claimant's position with Bristol was not continuous and, between jobs with Bristol, the claimant was assigned by his union to work for other employers. The claimant was injured while he was working for Bristol on a jobsite in New York. Bristol had a place of business in New York from which the claimant regularly worked.

The WCJ noted that there was no continuity of previous employment between the claimant and Bristol to consider for purposes of determining where the claimant's employment was principally localized. The WCJ found that at the time of his injury, the claimant was working under a contract of hire made in Pennsylvania for employment principally localized in New York. Accordingly, in *Greenawalt*, the WCJ dismissed the claim petition for lack of jurisdiction.

Employer argues that in this case the entire project was performed in New Jersey and that the WCJ lacked jurisdiction under *Greenawalt*. However, in contrast to the facts in *Greenawalt*, the WCJ here credited Claimant's testimony

that he had continuously worked for Employer since 2008 and that 90% of his employment was localized in Pennsylvania. The WCJ also found that Claimant was a resident of Pennsylvania and that Employer was principally localized in Pennsylvania. These findings are supported by substantial evidence and therefore cannot be disturbed on appeal.[9]

Employer next asserts that the WCJ erred in concluding that Claimant was an employee and not an independent contractor under CWMA in light of Claimant's binding admissions against interest in his tort action. We disagree.

In *Newman Development Group of Pottstown, LLC v. Genuardi's Family Market, Inc.,* 98 A.3d 645, 655 (Pa. Super. 2014) (citations omitted) the Superior Court observed that "[t]here are only two types of admissions: judicial admissions and evidentiary admissions. Both are limited in scope to factual matters otherwise requiring evidentiary proof. A party cannot 'admit' a legal theory or question."

We note that "admissions are limited to facts as opposed to legal conclusions." *Marazas v. Workers' Compensation Appeal Board (Vitas Healthcare Corp.),* 97 A.3d 854, 860 (Pa. Cmwlth. 2014). The question of whether an employer-employee relationship exists is one of law, based upon findings of fact. *JFC Temps, Inc. v. Workers' Compensation Appeal Board (Lindsay and G&B Packing)*, 680 A.2d 862, 864 (Pa. 1996) (citing *Martin Trucking Co. v. Workmens' Compensation Appeal Board*, 373 A.2d 1168, 1169

---

[9] We examine the entire record to determine whether a reasonable person might find sufficient evidence to support the WCJ's findings. *A & J Builders, Inc. v. Workers' Compensation Appeal Board (Verdi),* 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013). If such evidence is present in the record, the findings must be upheld. *Id.* We must also view the evidence in the light most favorable to the prevailing party and give it the benefit of all inferences reasonably deduced from the evidence. *Id.*

8

(Pa. Cmwlth. 1977)). Accordingly, Claimant cannot make admissions regarding his employment status as an independent contractor in a tort filing that are binding on the WCJ and compel a particular legal conclusion.

Moreover, Section 3(a) of the CWMA provides:

> For purposes of workers' compensation ... an individual who performs services in the construction industry for remuneration is an independent contractor *only if*:
>
> > (1) The individual has a written contract to perform such services.
> >
> > (2) The individual is free from control or direction over performance of such services both under the contract of service and in fact.
> >
> > (3) As to such services, the individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. §933.3(a) (emphasis added).

In *Staron v. Workers' Compensation Appeal Board (Farrier)*, 121 A.3d 564 (Pa. Cmwlth. 2015) *appeal denied*, 132 A.3d 460 (Pa. 2016), we relied on the lack of a written contract at the time of injury to hold that the claimant was an employee, not an independent contractor. In the instant matter, Hassell acknowledged that at no time did the parties have a written contract. Additionally, the WCJ found that Claimant was under the direction and control of Employer while performing his services, and the record supports these findings. Based on these facts, Claimant is not an independent contractor as defined by the CWMA.

Employer also asserts that Claimant is barred from filing this claim because the filing of his tort action in the Philadelphia County Court of Common

9

Pleas amounted to a binding election of remedy. For an employee, the Act is the exclusive remedy for employer liability. *See* Section 303(a) of the Act, 77 P.S. §481(a). While the Act provides the exclusive remedy, it allows for the election of remedies under Section 305(d) of the Act where, as here, the employer is not insured.[10] In this case, because Claimant subsequently withdrew the civil action he filed, we conclude that the WCJ did not err in deciding his claim petition.

In sum, the WCJ's findings that Claimant was an employee of Employer, his work was principally located in Pennsylvania, and Claimant was injured during the course of employment, support the WCJ's conclusion that Claimant is eligible for benefits. Accordingly, we affirm.

 

 

 

 

 

 

 

MICHAEL H. WOJCIK, Judge

---

[10] Section 305(d) provides that "[w]hen any employer fails to secure the payment of compensation under this act as provided in sections 305 and 305.2, the injured employe or his dependents may proceed either under this act or in a suit for damages at law as provided by article II." 77 P.S. §501(d).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brad Remodeling, LLC        :
(also referred to as Brad        : No. 335 C.D. 2016
Remodeling, Inc.),        :
       :
           Petitioner        :
       :
            v.        :
       :
Workers' Compensation Appeal        :
Board (Morris, Uninsured        :
Employers' Guaranty Fund,        :
State Workers' Insurance Fund,        :
and ACS Claims Services),        :
       :
           Respondents        :

## O R D E R

AND NOW, this 4th day of <u>January</u>, 2017, the order of the Workers'
Compensation Appeal Board, dated February 23, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge